IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MARK A. GRUBER, MIRIAM A. )<br>GRUBER, )<br>)<br>Defendants, | 2:22-CV-00740-MJH |

MEMORANDUM ORDER

Presently, in this action to reduce federal income tax assessments to judgment and foreclose the related federal tax liens upon property owned by Defendants, Plaintiff moves to permit service by publication pursuant to Fed. R. Civ. P. 4(e)(1) and Pa. R. Civ. P. 430(a) and moves *nunc pro tunc* for an extension of time to complete that service.  (ECF No. 9).

Pa. R. Civ. P. 430(a) requires a plaintiff to show: (1) a good faith effort was made to locate the defendant; (2) practical efforts were undertaken to effect service through traditional means; and (3) the alternate form of service requested is reasonably calculated to provide the defendant with notice of the proceedings against him. *Jurina v. GTS Transp. Corp.*, 2020 WL 2104752, at *1–2 (W.D. Pa. May 1, 2020); *Calabro v. Leiner*, 464 F. Supp. 2d 470, 472 (E.D. Pa. 2006); *PNC Bank, N.A. v. Unknown Heirs*, 929 A.2d 219, 229 (Pa. Super. Ct. 2007).

First, the plaintiff "must make a 'good faith' effort to locate [the] defendant." *Calabro*, 464 F. Supp. 2d at 472.  An illustration of a good faith effort to locate the defendant includes:

(1) inquiries of postal authorities including inquiries pursuant to the Freedom of Information Act, 39 C.F.R. Part 265,
(2) inquiries of relatives, neighbors, friends, and employers of the defendant, and
(3) examinations of local telephone directories, voter registration records, local tax records, and motor vehicle records.

*Id.* "It is not necessary that [the plaintiff] pursue every method listed in ... [Pennsylvania] Rule 430(a) ... to satisfy the good faith effort requirement." *Calabro*, 464 F. Supp. 2d at 472 & n.4. Second, "once [the defendant] is located, [the plaintiff] must show that she has made practical efforts to serve [the defendant] under the circumstances," but has been unable to do so. *Id.* (citing *Clayman v. Jung*, 173 F.R.D. 138, 142 (E.D. Pa. 1997)) (emphasis in original). "[The] [p]laintiff bears the burden to show that these efforts were made." *McFadden*, 2014 WL 5880097, at *4. Third, assuming the plaintiff "satisfied the first two steps, [the plaintiff's] proposed alternate means of service must be reasonably calculated to provide [the defendant] with notice of the proceedings against him [or her]." *Calabro*, 464 F. Supp. 2d at 472.

Here, following review of Plaintiff's motion and its exhibits regarding service, the same does not evidence, as outlined above, that Plaintiff has fully availed itself of sufficient efforts to locate the defendants.  Further, the Complaint appears to request relief both *in rem* and *in personam* judgments.  On the face of the Complaint, Plaintiff has not sufficiently alleged facts or a legal basis to support *in personam* jurisdiction over the Defendants, yet seeks service by publication in Armstrong County, Pennsylvania.  Therefore, on these two bases, the Court cannot grant Plaintiff's request at this time.

Accordingly, Plaintiff's Motion to Serve by Publication (ECF No. 9) is denied, without prejudice.  As regards Plaintiff's *nunc pro tunc* motion for an extension of time to complete service, Plaintiff is granted a sixty (60) day extension to effectuate service.

DATED this 24th day of February, 2023.

BY THE COURT:

_____
MARILYN J. HORAN
United States Magistrate Judge